UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINN VICTOR ROBERTSON,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. EDCV 15-2128 JC<br><br>MEMORANDUM OPINION AND ORDER OF REMAND |

## I. SUMMARY

On October 15, 2015, Quinn Victor Robertson ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; October 20, 2015 Case Management Order ¶ 5.

///

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On March 22, 2012, plaintiff filed an application for Disability Insurance Benefits alleging disability beginning on August 1, 2001 ("original onset date") due to severe neuralgia, spinal cord stimulator implant, emphysema, pain, depression, severe lower abdominal neuralgia, medication psychosis and side effects, impotency, stress, depression, and arthritis. (Administrative Record ("AR") 13, 146, 183).

The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on December 9, 2013. (AR 27-55). At the administrative hearing, plaintiff's alleged onset date was amended to October 8, 2009 ("amended onset date"). (AR 34, 51-52).

In an administrative decision dated March 25, 2014, the ALJ determined that plaintiff was not disabled from the original onset date (*i.e.*, August 1, 2001) through March 31, 2010 (*i.e.*, the "date last insured"). (AR 13-22). Specifically, the ALJ found that through the date last insured: (1) plaintiff suffered from the following severe impairments: bilateral inguinal hernia repair with secondary pain, and erectile dysfunction (AR 15); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 15-16); (3) plaintiff retained the residual functional capacity to perform the full range of medium work (20 C.F.R. § 404.1567(c)) with no heavy lifting (AR 16); (4) plaintiff was not capable of performing any past relevant work (AR 20); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically Production Assembler, Bench Assembler, and

Electronics Worker (AR 21); and (6) plaintiff's medically determinable impairments could reasonably be expected to cause the subjective symptoms plaintiff alleged, but plaintiff's statements concerning the intensity, persistence, and limiting effects of such subjective symptoms were not entirely credible (AR 17).

The Appeals Council denied plaintiff's application for review. (AR 2).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is required to use the following five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R.

///

|   |     |                                                                                          |
|---|-----|------------------------------------------------------------------------------------------|
|   |     | Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four. |
|   | (4) | Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five. |
|   | (5) | Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled. |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted).

**B.     Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)). To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's]

conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  An ALJ's decision to deny benefits must be upheld if the evidence could reasonably support either affirming or reversing the decision.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).  Nonetheless, a court may not affirm "simply by isolating a 'specific quantum of supporting evidence.'"  Robbins, 466 F.3d at 882 (citation omitted).  In addition, federal courts may review only the reasoning in the administrative decision itself, and may affirm a denial of benefits only for the reasons upon which the ALJ actually relied.  Garrison v. Colvin, 759 F.3d 995, 1010 (9th Cir. 2014) (citation omitted).

Even when an ALJ's decision contains error, it must be affirmed if the error was harmless.  Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014).  An ALJ's error is harmless if (1) it was inconsequential to the ultimate nondisability determination; or (2) despite the error, the ALJ's path may reasonably be discerned, even if the ALJ's decision was drafted with less than ideal clarity.  Id. (citation and quotation marks omitted).

A reviewing court may not conclude that an error was harmless based on independent findings gleaned from the administrative record.  Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citations omitted).  Where a reviewing court cannot confidently conclude that an error was harmless, a remand for additional investigation or explanation is generally appropriate.  See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) (citations omitted); Treichler, 775 F.3d at 1099-1102 (where agency errs in reaching decision to deny benefits and error is not harmless, remand for additional investigation or explanation ordinarily appropriate).

///
///
///

## IV. DISCUSSION

Plaintiff contends that the ALJ erred in evaluating the credibility of his subjective complaints. (Plaintiff's Motion at 4-12). The Court agrees. As the Court cannot find the ALJ's errors harmless, a remand is warranted.

### A. Pertinent Law

When a claimant provides "objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms alleged," and there is no affirmative finding of malingering, the ALJ may discount the credibility of the claimant's subjective complaints only by "providing specific, clear and convincing reasons for doing so." Brown-Hunter, 806 F.3d at 488-89 (citation and internal quotation marks omitted). This requirement is very difficult to meet. See Garrison, 759 F.3d at 1015 (citation omitted).

An ALJ's credibility determination must be specific enough to permit a reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's subjective complaints. Brown-Hunter, 806 F.3d at 493 (citation and quotation marks omitted). Consequently, an ALJ must identify the specific testimony he or she finds not credible, provide "clear and convincing reasons" why that particular testimony lacks credibility, and identify the specific evidence which undermines the claimant's subjective complaints. See id. at 489, 493-94 (citation omitted). "General findings are insufficient[.]" Id. at 493 (citations and quotation marks omitted). Nonetheless, if the ALJ's interpretation of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to second-guess it. See Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002); see also Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006) (Evaluation of a claimant's credibility and resolution of conflicts in the testimony are solely functions of the Commissioner.) (citation omitted).

///
///

**B.     Analysis**

Here, none of the reasons the ALJ gave for discounting the credibility of plaintiff's subjective complaints is legally sufficient.

First, the ALJ wrote that evidence that plaintiff continued to work until 2004 "indicate[d] that the [plaintiff's] daily activities have, at least at times, been somewhat greater than the [plaintiff] has generally reported."  (AR 16). "Inconsistencies between a claimant's testimony and the claimant's reported activities [may] provide a valid reason for an adverse credibility determination." Burrell v. Colvin, 775 F.3d 1133, 1137-38 (9th Cir. 2014) (citation omitted). Here, however, evidence that plaintiff worked "until 2004" is not inconsistent with plaintiff's claim that he was disabled beginning on October 8, 2009 (*i.e.*, the amended onset date), and thus not a clear and convincing reason for discrediting plaintiff.[1]  Even so, the ALJ did not specify *which* of plaintiff's specific subjective complaints purportedly conflicted with *which* of plaintiff's daily activities related to such work activity.  A general finding that plaintiff's collective daily activities are inconsistent with the alleged severity of some or all of plaintiff's subjective complaints is not sufficiently specific to permit the Court to determine whether the ALJ discounted plaintiff's credibility on permissible grounds.  See, e.g., Brown-Hunter, 806 F.3d at 494 (legal error where ALJ failed to link testimony found not credible "to the particular parts of the record supporting [the ALJ's] non-credibility determination") (citation omitted).

---

[1]The ALJ's assumption that August 1, 2001 was plaintiff's alleged disability onset date, even though the original onset date was apparently amended at the hearing, calls into question the validity of both the ALJ's evaluation of plaintiff's credibility and the ALJ's decision as a whole. See Regennitter v. Commissioner, 166 F.3d 1294, 1297 (9th Cir. 1999) (A "specific finding" that consists of an "inaccurate characterization of the evidence" cannot support an adverse credibility determination); cf., e.g., Valenzuela v. Astrue, 247 Fed. Appx. 927, 929 (9th Cir. 2007) (finding ALJ's credibility determination unsupported by substantial evidence where it was based in part on "inaccurate characterization" of claimant's testimony).

Second, the ALJ also wrote that "[plaintiff] has not generally received the type of medical treatment one would expect from a totally disabled individual[,]" apparently because plaintiff was not treated for his "breathing problems" and back pain "until after the date last insured." (AR 17). An ALJ may properly discount a plaintiff's credibility based on an unexplained failure to seek or be prescribed a course of treatment that was consistent with the alleged severity of the plaintiff's subjective symptoms. See Molina v. Astrue, 674 F.3d 1104, 1113 (9th Cir. 2012) (citations omitted). Here, however, the ALJ did not find breathing problems and back pain to be severe impairments during the relevant period (*i.e.*, through the date last insured) (AR 15), and nothing in the ALJ's decision otherwise suggests that any failure to seek or obtain medical treatment would be a valid basis for discrediting any of plaintiff's other specific subjective complaints.

Third, it appears that the ALJ's only other reason for discounting plaintiff's credibility was essentially a lack of objective medical evidence to verify the alleged severity of plaintiff's subjective complaints. (AR 17, 20). Nonetheless, lack of objective medical evidence to support subjective symptom allegations cannot form the sole basis for discounting a claimant's testimony. See Burch, 400 F.3d at 681.

Finally, since the administrative decision does not address any of plaintiff's specific subjective complaints, and the ALJ's general reasons for discrediting plaintiff's statements were not sufficiently specific, the Court is unable to conduct a meaningful review of the ALJ's credibility determination, and thus cannot conclude that the ALJ's errors were harmless. Cf., e.g., Brown-Hunter, 806 F.3d 487, 492 (9th Cir. 2015) (where ALJ fails to specify reasons for finding claimant testimony not credible, "error will usually not be harmless"). This is especially true since, at the hearing, the ALJ herself referred to plaintiff's case as "a really close call." (AR 53).

///

Accordingly, a remand is required to permit the ALJ to reassess plaintiff's credibility.

## V.    CONCLUSION[2]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[3]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 29, 2016

                                    /s/
                            Honorable Jacqueline Chooljian
                            UNITED STATES MAGISTRATE JUDGE

---

[2] The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.  On remand, however, the Commissioner may wish to reevaluate the medical evidence and the ALJ's step five determination.  First, it appears that the ALJ's residual functional capacity assessment for plaintiff was based, in large part, on the ALJ's own, lay interpretation of the medical records as a whole (including multiple medical opinions from after the date last insured).  (See AR 17-20); see Padilla v. Astrue, 541 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008) (As a lay person, "an ALJ is 'simply not qualified to interpret raw medical data in functional terms.'") (citations omitted); Tagger v. Astrue, 536 F. Supp. 2d 1170, 1181 (C.D. Cal. 2008) ("ALJ's determination or finding must be supported by medical evidence, particularly the opinion of a treating or an examining physician.") (citations and internal quotation marks omitted).  In addition, the limitations and restrictions set out in the ALJ's hypothetical question at the administrative hearing appear to be radically different than those in the ALJ's residual functional capacity assessment in the decision. (Compare AR 16 with AR 49).

[3] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, "additional proceedings can remedy defects in the original administrative proceeding. . . ."  Garrison, 759 F.3d at 1019 (citation and internal quotation marks omitted); see also Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) (remand is an option where the ALJ stated invalid reasons for rejecting a claimant's excess pain testimony).